## GRAHAM & NORTON CO. v. ELEVATOR SUPPLIES CO., Inc.
### No. 4480.

Circuit Court of Appeals, Third Circuit.
April 9, 1931.

C. V. Edwards, Henry C. Townsend, and Virgil C. Kline, all of New York City, and Wm. G. Mahaffy, of Wilmington, Del., for appellant.

S. E. Darby, Jr., of New York City (E. Ennalls Berl, of Wilmington, Del., and Darby & Darby, of New York City, of counsel), for appellee.

Before BUFFINGTON and THOMPSON, Circuit Judges, and THOMSON, District Judge.

THOMSON, District Judge.

While suit was brought on three patents, the Bassett patent is the only one before us. This patent relates to signal systems for elevators. It is of the type where the passenger, on entering the car, announces his destination to the operator, who then presses the appropriate button of an annunciator on the car. When the car approaches the floor announced, a signal is automatically displayed in the car, reminding the operator that he is expected to stop at that floor. At the end of the run in either direction, the signal mechanism is reset. There is a button-set mechanism for each floor, in combination with a car controlled circuit completing apparatus, which causes the display of the signals at the proper points. A feature of the operation is that any number of the button-set mechanisms are operable together, so as to register in advance the number of stop signals to be displayed. A two-brake circuit controls the signal lamp. For the signal lamp to flash, it is necessary that both brakes in the circuit be closed. One brake is closed by the push button; the other is closed by the brushes carried by the "traveler," which carries any desired number of bridging contacts, to bridge any number of normally open circuits with the travel of the car. There are thus two essentials in a "pre-registering" system, namely, the closing of the first brush in the circuit by means of a push button, and the closing of the second brake of the circuit at the "commutator," by the approach of the car to the signalled floor. In addition to these, there is provided means for restoring the button controlled switches, after they have served their purpose of flashing the signal to the operator. The conducting brush or traveler is so placed as to travel across the segment conducting the current, and is connected electrically to the switch controlled by the push button. The defendant's apparatus is a "pre-registering" system. It has a car operator's flash, and push buttons mounted in the car. A two-brake circuit is provided for each floor, with the operator's flash signal connected to each of the circuits during the car's progress, by means of the "selector." The operation of the push button energizes a magnet, which closes the first

brake of the circuit, and it remains closed until the car has passed beyond the signaled floor. Both important features of the Bassett patent, namely, the closing of the first brake by a push button on the car, and the closing of the second brake in the same circuit by the "traveler," are present in the defendant's apparatus. In Bassett, restoration is effected at the end of the travel of the elevator, while in defendant's apparatus, restoration is effected at or after leaving each floor, after the signal has been given. Neither the invention, nor the claims of the patent, are limited to these details. The Bassett patent employs one bridging contact or brush to perform two functions, one closing the circuit to the signal lamp, and the other opening the button controlled switch. The defendant employs two bridging contacts or brushes, which are carried by a single traveler; the result being effected by the single brush of Bassett. There is no serious attack on the validity of the patent. The patent being valid, we think infringement is established, as it appears that defendant has employed the same combination of elements, which operate the same way, producing the same result by substantially the same means.

The judgment is affirmed.